```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

CANAL INSURANCE COMPANY,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:21-00324

5M TRANSPORT, LLC, and
WILLIAM J. THOMPSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff's motions (1) for judgment on the pleadings; and (2) for default judgment. (ECF Nos. 23, 25.) For the reasons that follow, the court will deny the motions without prejudice, vacate the Clerk's entry of default (ECF No. 16), and expand the time for plaintiff to serve defendant 5M Transport, LLC ("5M"). The court will also order plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction or as a matter of the court's discretion under the Declaratory Judgment Act.

### I.  Service of Process

Plaintiff purports to have served defendant 5M in accordance with Federal Rule of Civil Procedure 4(h)(1). Rule 4(h) provides, in pertinent part, as follows:

> Unless federal law provides otherwise or the
> defendant's waiver has been filed, a domestic or
> foreign corporation, or a partnership or other

>   unincorporated association that is subject to suit under a common name, must be served:
>
>   . . .
>
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

By cross-reference to Rule 4(e)(1), subsection A allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

There is no question that plaintiff did not effect valid service under subsection A (the state-law option). This is because West Virginia law renders service upon the West Virginia Secretary of State ("SOS") complete only if the certified mailing by the SOS (to the defendant) is either <u>delivered or refused</u>. <u>See</u> <u>United Bankshares, Inc. v. First Niagara Bank</u>, 167 F. Supp. 3d 822, 824 (S.D.W. Va. 2016). In other words, "it is the refusal or acceptance of process that makes service of process sufficient pursuant to section 31D-15-1510; mail returned as 'undeliverable' or 'unclaimed' is insufficient to

2

effect service of process." Id. Here, the Postal Service returned the SOS's certified mailing "UNCLAIMED." (ECF No. 7.)

Plaintiff appears to rely on subsection B to get around the deficiency under subsection A. Subsection B provides for service by delivery to "any . . . agent authorized by appointment or by law to receive service of process" for the corporation. Fed. R. Civ. P. 4(h)(1)(B). It also requires mailing a copy to the defendant "if the agent is one authorized by statute and the statute so requires." Id. Importantly, "[w]hether the word 'law' in Rule 4(h)(1)(B) goes beyond federal statutes and also refers to agents designated in state statutes or to nonstatutory agents is an open question." 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1101 (3d ed. 2022). Subsection A already provides for service pursuant to state law; a reading of subsection B that would allow for a watered-down version of state-law service is questionable.

Furthermore, when state law requires more than mere delivery to a specified agent, it is reasonable to assume that Rule 4 indicates a preference for service pursuant to state law. Cf. 4A Wright & Miller § 1098 ("The wise practitioner should rely on both subdivisions of Rule 4(e) when serving an individual by delivering process to a statutorily designated agent. And when the statute provides procedures in addition to

3

delivery to the agent, such as the mailing of copies of the summons and the complaint to the principal, perhaps it should be assumed that the Advisory Committee has indicated a preference for the use of former Rule 4(d)(7), and hence presumably for Rule 4(e)(1), in this instance.").

As a more fundamental matter, courts have consistently required proof of "delivery" (personal service) on the subsection B "agent."  Wesenberg v. New Orleans Airport Motel Assocs. TRS, LLC, No. CIV.A. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015) ("Courts have consistently held, however, that Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by mail.")  Plaintiff has not shown that it personally served the summons and complaint on the SOS, as required.  Instead, plaintiff submits an attorney affidavit merely stating that, "[u]pon information and belief, 5M Transport, LLC ("5M") is a Virginia corporation and was accordingly served through the West Virginia Secretary of State on June 15,2021.  See Summons Returned Executed as to 5M Transport, LLC, ECF No. 5."  (ECF No. 25-2.)  This is not proof of personal service upon the SOS.  And the attorney declaration incorrectly cites ECF No. 5 as "Summons Returned Executed."  In fact, ECF No. 7 indicates that the summons was returned unexecuted by the SOS because it was "UNCLAIMED."  (ECF No. 7.)

4

There is a colorable argument that subsection B permits service upon the SOS without regard to the state procedure. While this position has some surface appeal, for the reasons stated above, the court believes that it is a mistaken one. In sum, it does not appear that service here was valid under either Rule 4(h)(1)(A) or (B). The court therefore will order that the entry of default (ECF No. 16) be set aside.

District courts have the authority to grant discretionary enlargements of the period for service under Rule 4. Henderson v. United States, 517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes); Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237 (4th Cir. 1999); Escalante v. Tobar Constr., Inc., 2019 WL 109369, at *3 (D. Md. Jan. 3, 2019).

Federal courts have identified several non-exhaustive factors that may guide the discretionary decision of whether to enlarge the service period. Such factors include

> (i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended.

Robinson v. G D C, Inc., 193 F. Supp. 3d 577, 580 (E.D. Va. 2016).[1]

The court finds that an enlargement of time is appropriate here. No prejudice to 5M is apparent, plaintiff attempted service diligently, and there is a colorable (though, the court believes, incorrect) argument that it effected proper service timely. Thus, the court will expand the time for service of process an additional sixty days from the date of this order.

## II. **Article III Jurisdiction**

Article III jurisdiction is doubtful under the allegations of the complaint.[2] There must be an actual case or controversy for the court to have jurisdiction. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–40 (1937). As the Supreme Court has explained,

> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial

---

[1] This list is not binding on district courts. See Collins, 782 F. App'x at 267.

[2] "Standing and ripeness are jurisdictional issues that courts must consider on their own initiative." Allstate Vehicle & Prop. Ins. v. Smith, No. 3:19-CV-00353-JMC, 2021 WL 4198419, at *2 (D.S.C. Sept. 15, 2021). "Federal courts must always examine their jurisdiction, even when all parties want the court to act." U.S. Fire Ins. Co. v. Beltmann N. Am. Co., 703 F. Supp. 681, 684 (N.D. Ill. 1988).

controversy, between parties having adverse legal interests, of <u>sufficient immediacy and reality to warrant the issuance of a declaratory judgment</u>. <u>Maryland Cas. Co. v. Pac. Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941) (emphasis added).

Plaintiff seeks a declaration that it "has no duty to defend or indemnify 5M." (ECF No. 1, at 8.) The jurisdictional analysis for each of these subjects of declaratory relief (duty to defend and duty to indemnify) is unique from a timing perspective.

When the subject is the duty to indemnify, the insurer's injury is "of a hypothetical and contingent nature" until the litigation against the insured is reduced to a judgment. See <u>Trustgard Ins. v. Collins</u>, 942 F.3d 195, 200 (4th Cir. 2019). Accordingly, an insurer's request for a declaration that it has no duty to indemnify an insured is likely tantamount to a request for an advisory opinion when it predates the resolution of the underlying litigation against the insured. See <u>id.</u>

Although <u>Trustgard</u> technically did not reach the jurisdictional question in its holding, its analysis persuasively points in the direction of no jurisdiction as to the no-duty-to-indemnify declaration sought here. This is because liability of the insured here (5M) had not been established at the time plaintiff filed this case. Moreover, <u>Trustgard</u> holds that the closeness of the jurisdiction question

7

in the Article III sense bears on the question of jurisdiction in the discretionary sense under the Declaratory Judgment Act, as discussed further in the next section. <u>Id.</u> at 202.

When the subject is the duty to defend, jurisdiction becomes available sooner. <u>See</u> <u>id.</u> at 200. "In the insurance context, the general rule is that an actual controversy exists <u>where an insured alleges that its insurer has a duty to defend him against potential liability in an underlying action</u>." <u>Molex Inc. v. Wyler</u>, 334 F. Supp. 2d 1083, 1086 (N.D. Ill. 2004) (emphasis added); Steven Plitt et al., 16A Couch on Ins. § 227:29 ("It has been stated that where the insurance policy contains a defense obligation <u>and the insured has called upon the insurer to assume its defense</u>, that dispute is sufficiently immediate to allow the court to issue a declaration.") (emphasis added).

Here, however, there is no allegation that 5M tendered its defense of the underlying tort litigation to plaintiff. Although the complaint adverts to a dispute over coverage, there appear to be insufficient facts supporting the existence of an actual dispute over the duty to defend. It appears that, rather, plaintiff seeks a declaration that, if 5M were to tender its defense to plaintiff or if 5M were later to sue plaintiff for failing to defend, plaintiff would not be liable. The

purported coverage dispute having not materialized, the relief sought appears to be an advisory opinion.

III. **Discretionary Jurisdiction**

The Declaratory Judgment Act provides, in pertinent part,

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), does not apply in the declaratory judgment context. See Trustgard, 942 F.3d at 201. Instead, that typical obligation "yields to considerations of practicality and judicial administration." Id.

Federal courts should be mindful of "the functions and extent of federal judicial power" when deciding whether to assert jurisdiction in this context. Id. Federal courts should also be mindful of the constitutional limitations on their jurisdiction and "should exercise their discretionary jurisdiction with caution when doing so would raise serious questions about Article III jurisdiction." See id. at 202.

9

As explained above, subject matter jurisdiction is highly questionable here, which does not favor the court's exercise of discretionary jurisdiction over this matter. Plaintiff's inability to effect proper service on 5M also calls into question whether 5M has properly been made a party to the underlying state litigation. If it has not, then the immediacy of the requested declaration of no duty to defend diminishes further. Alternatively, if the underlying litigation is resolved, then any dispute over a duty to defend would appear to be moot.

Finally, the court shares the concerns that Judge Goodwin has expressed with entering declaratory relief by default judgment. Tchrs. Ins. v. Prather, No. 2:11-CV-00397, 2012 WL 90095, at *2 (S.D.W. Va. Jan. 11, 2012). This concern is "particularly pronounced in insurance disputes" because the potential spillover consequences on nonparties with identical policies, who should not be punished for the failure of party to respond to a lawsuit. Id. Together with the jurisdictional issues, the default nature of the proceedings adds to the court's doubts that it is appropriate to assert jurisdiction in this "attempt to have the federal courts resolve an insurance dispute" (assuming there is a real dispute). Trustgard, 942 F.3d at 197.

10

## IV. Conclusion

In light of the foregoing, the court **ORDERS** plaintiff to show cause within thirty days as to why this case should not be dismissed for lack of subject matter jurisdiction or as a matter of the court's discretion under the Declaratory Judgment Act. Furthermore, the court **ORDERS** that the Clerk's entry of default (ECF No. 16) be set aside, and the court enlarges the time for plaintiff to effect service on 5M for an additional sixty days (from the date of this order).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 17th day of June, 2022.

ENTER:

David A. Faber
Senior United States District Judge