```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

**CANAL INSURANCE COMPANY,**

      **Plaintiff,**

v.                                         CIVIL ACTION NO. 1:21-00324

**5M TRANSPORT, LLC, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to amend its Complaint. (ECF No. 29). Plaintiff's motion was filed in response to the court's Memorandum Opinion and Order to show cause, dated June 17, 2022, ordering plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. No opposition to plaintiff's motion has been filed.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

In Foman v. Davis, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure].  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)."  Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).

In its earlier order, the court expressed doubts about whether Article III jurisdiction was present given the allegations in the complaint.  See ECF No. 27 at 6.  The court noted that "there appear to be insufficient facts supporting the existence of an actual dispute over the duty to defend." Id. at 8.  The proposed amended complaint seeks to address the court's jurisdictional concerns.  Therefore, Rule 16(b)'s good cause requirement is satisfied.

After a review of the record, the court concludes that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiff in filing the motion to amend.  Furthermore, the court finds that defendants would not suffer undue prejudice by the filing of the amended complaint.

Likewise, at this juncture, the court cannot find that plaintiff's claims are futile. While the claims may ultimately be subject to dismissal or the entry of judgment in defendant's favor, it is not clear at this point in the proceeding that such a claim is futile. See, e.g., Smithfield Foods, Inc. v. United Food & Commercial Workers Intern. Union, 254 F.R.D. 274, 280 (E.D. Va. 2008) ("Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis.").

Based on the foregoing, plaintiff has established that it is entitled under Rule 15 to amend its Complaint. Accordingly, the motion to amend is **GRANTED** and the Clerk is directed to file the amended complaint (attached as an exhibit to the motion to amend).

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 29th day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge