```
           IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

CANAL INSURANCE COMPANY,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:21-cv-00324

5M TRANSPORT, LLC, and
WILLIAM J. THOMPSON,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is Canal Insurance Company's ("Canal") motion for default judgment against defendant 5M Transport, LLC ("5M"). (ECF No. 51). For the reasons explained below, the motion is **GRANTED** in part and **DENIED** in part.

### I.   Facts and Background

This is a declaratory judgment action brought by Canal against 5M and William J. Thompson. Canal insured 5M under a commercial insurance policy. Thompson worked for 5M, allegedly suffered a work-related injury, and sued 5M for damages in the Circuit Court of McDowell County, West Virginia. Canal filed this suit seeking a declaratory judgment that it owes no duty to indemnify or defend 5M against Thompson's suit.

According to Canal's amended complaint, 5M is a trucking company that transports coal and other heavy materials. (See Am. Compl. at ¶ 9, ECF No. 40). On March 5, 2018, Thompson

crashed one of 5M's trucks in McDowell County while hauling coal for a 5M customer. (See id. at ¶¶ 9-10). Thompson sued 5M, alleging that it negligently maintained the truck, causing the brakes to fail. (See id. at Ex. B). 5M sought defense and indemnification from Canal under the insurance policy issued by Canal, which provides three types of coverage: (1) Commercial General Liability Coverage, (2) Commercial Automobile Coverage, and (3) Commercial Inland Marine Coverage. (See id. at Ex. A).

Canal asks the court to declare coverage excluded under the Commercial General Liability Coverage and the Commercial Automobile Coverage. (See id. at Counts I-VI). Canal served its amended complaint on 5M and Mr. Thompson. Neither responded. Default has been entered against 5M, and 5M did not respond to that either. Canal now moves for default judgment on its claims for declaratory judgment. (ECF No. 51).

## II.  **Legal Standard**

Under Rule 55 of the Federal Rules of Civil Procedure, district courts may enter default judgment when a properly served defendant fails to plead or otherwise defend against a lawsuit. See State Auto. Prop. and Cas. Ins. Co. v. Fas Chek Enter., Inc., No. 2:15-cv-00809, 2015 WL 1894011, at *2 (S.D.W. Va. Apr. 27, 2015). Courts are to exercise liberal discretion in entering default judgments. See id. (quoting United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982)).

2

## III. Discussion

Courts in this district are often reluctant to enter default judgment in declaratory judgment actions brought by insurers because of the potential effect the judgment may have on the interpretation of identical insurance policies issued to others. See id. (citing Teachers Ins. Co. v. Prather, No. 2:11-cv-00397, 2012 WL 90095, at *2 (S.D.W. Va. Jan. 11, 2012)). However, despite that concern, courts will enter default judgment when defendants offer no defense against the action. See id. Therefore, because neither defendant responded to the amended complaint, and 5M did not respond to the Clerk's entry of default, this court will consider Canal's motion for default judgment.

When deciding whether default judgment is appropriate, the court is to accept the plaintiff's allegations as true and determine whether they establish entitlement to the relief sought. See Truist Bank v. Allmon, No. 2:22-cv-00361, 2023 WL 2656759, at *1 (S.D.W. Va. Mar. 27, 2023) (citing Matrix Fin. Servs. Corp. v. Hall, No. 3:16-CV-09438, 2017 WL 3142337, at *2 (S.D.W. Va. July 25, 2017)). In this case, that means the court must accept Canal's allegations as true and determine whether insurance coverage is excluded under the Commercial General Liability and Commercial Automobile coverages.

**A.  Commercial General Liability**

The Commercial General Liability coverage requires Canal to indemnify and defend 5M against suits seeking damages for bodily injury:

> [Canal] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  [Canal] will have the right and duty to defend the insured against any "suit" seeking those damages.

(Am. Compl. Ex. A, ECF No. 40-1 at 70).  However, Canal seeks a declaration that three exclusions to the coverage apply here: (1) "Aircraft, Auto [o]r Watercraft" (2) "Employer's Liability," and (3) "Workers' Compensation [a]nd Similar Laws." (See Am. Compl. at Counts I-III, ECF No. 40).

**1.  "Aircraft, Auto [o]r Watercraft" exclusion**

This exclusion to the Commercial General Liability coverage excludes coverage for bodily injury or property damage arising from the maintenance or use of an automobile owned by 5M:

> This insurance does not apply to:
>
> . . . .
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by or rented or loaned to any insured.

(Am. Compl. Ex. A, ECF No. 40-1 at 71, 73).

4

In this case, Canal alleges that Thompson seeks damages for bodily injury sustained while using a truck owned and maintained by 5M. (See Am. Compl. at ¶¶ 10, 12, ECF No. 40). Taking these allegations as true, this exclusion applies to the Commercial General Liability coverage.

**2. "Employer's Liability" exclusion**

This exclusion to the Commercial General Liability coverage excludes coverage for bodily injury to an employee of 5M that arises from and in the employee's course of employment:

> This insurance does not apply to:
>
> . . . .
>
> "Bodily injury" to:
>
> (1)  An "employee" of the insured arising out of and in the course of:
>
>   (a)  Employment by the insured; or
>
>   (b)  Performing duties related to the conduct of the insured's business
>        . . . .

(Am. Compl. Ex. A, ECF No. 40-1 at 71).

In this case, Canal alleges that Thompson was an employee of 5M and that he was injured during his employment as a truck driver. (See Am. Compl. at ¶¶ 10-12, ECF No. 40). Taking these allegations as true, this exclusion applies to the Commercial General Liability coverage.

### 3. "Workers' Compensation [a]nd Similar Laws" exclusion

This exclusion to the Commercial General Liability coverage excludes coverage for any obligation 5M incurs under workers' compensation or similar laws:

> This insurance does not apply to:
>
> . . . .
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

(Am. Compl. Ex. A, ECF No. 40-1 at 70-71).

In this case, Canal alleges that "[u]pon information and belief, Thompson filed or attempted to file a claim for workers' compensation benefits, but 5M's workers' compensation coverage had been cancelled for non-payment." (See Am. Compl. at ¶ 13, ECF No. 40). Therefore, based on Canal's amended complaint, it does not appear that 5M has incurred any obligation under a workers' compensation or any similar law. As such, this exclusion does not apply. See, e.g., Pa. Nat. Mut. Cas. Ins. Co. v. Doscher's Super Mkts., No. 2:11-cv-00656-DCN, 2012 WL 1609482, at *2 (D.S.C. May 7, 2012) ("[The insured] currently has no 'obligation . . . under a workers' compensation . . . law.' As such, the court holds that at this time, the Workers' Compensation Exclusion does not apply.").

6

Even so, coverage under the Commercial General Liability coverage is excluded under the "Aircraft, Auto [o]r Watercraft" and "Employer's Liability" exclusions.  Therefore, Canal's motion for default judgment is **GRANTED**, insofar as Canal seeks a declaration that it owes no duty to defend or indemnify 5M under the Commercial General Liability coverage.

**B.    Commercial Automobile Coverage**

The Commercial Automobile Coverage requires Canal to indemnify and defend 5M against bodily injury caused by an accident resulting from ownership or maintenance of 5M's covered vehicles:

> [Canal] will pay all sums an "insured" legally must pay as damages because of "bodily injury" . . . to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance and use of a covered "auto[.]"
>
> . . . .
>
> [Canal has] the right and duty to defend any "insured" against a "suit" asking for such damages . . . .

(Am. Compl. Ex. A, ECF No. 40-1 at 35).  However, Canal seeks a declaration that two exclusions apply to this coverage:  (1) "Workers' Compensation" and (2) "Employee Indemnification and Employer's Liability."  (See Am. Compl. at Counts IV-V, ECF No. 40).

7

1. **"Workers' Compensation" exclusion**

This exclusion to the Commercial Automobile coverage excludes coverage for any obligation for which 5M or Canal may be held liable under any workers' compensation or similar law:

> This insurance does not apply to any of the following:
>
> . . . .
>
> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation or any similar law.

(Am. Compl. Ex. A, ECF No. 40-1 at 36).

In this case, it is not clear from Canal's allegations whether it or 5M could be held liable under any workers' compensation or similar law.  Canal conclusively alleges that because Thompson was an employee of 5M, "the workers' compensation exclusion operates to exclude coverage under the Auto Policy for Thompson's claims against 5M."  (Am. Compl. at ¶¶ 34-35, ECF No. 40).  However, Canal does not allege which state's workers' compensation laws apply or which statute gives rise to a workers' compensation obligation after workers' compensation coverage is cancelled for nonpayment.

According to the amended complaint, 5M is a limited liability company organized under the laws of Virginia with its principal place of business also in Virginia.  (See id. at ¶ 2).

8

On the other hand, Thompson was a resident of West Virginia at the time of the accident. (See id. at ¶ 3). In a reservation of rights letter Canal sent to 5M, Canal cited to West Virginia's workers' compensation laws. (See ECF No. 40-4 at 10). However, the court cannot determine which laws apply based on the amended complaint's bare allegations.

Canal may file a motion for summary judgment with further support for its argument that this exclusion applies. Canal should establish which state's workers compensation laws apply and that Canal or 5M may be held liable under those laws, despite 5M's workers' compensation coverage being cancelled for nonpayment. Canal's motion for default judgment is **DENIED,** insofar as it seeks a declaration that the Workers' Compensation exclusion applies to the Commercial Automobile coverage.

    2.    **"Employee Indemnification and Employer's Liability" exclusion**

This exclusion to the Commercial Automobile coverage excludes coverage for bodily injury to an employee of 5M arising from and in the course of employment by 5M:

> This insurance does not apply to any of the following:
>
> . . . .
>
> "Bodily injury" to:

9

> a. An "employee" of the "insured" arising out of and in the course of employment by the "insured" . . . .

(Am. Compl. Ex. A, ECF No. 40-1 at 36, 47). However, there is an important exception to this exclusion. The exclusion does not apply to bodily injuries to employees "not entitled to workers' compensation benefits . . . ." (Id.).

As discussed above, Canal's allegations are insufficient to establish that Thompson was entitled to workers' compensation benefits after 5M's workers' compensation coverage was cancelled for nonpayment. Canal may raise this argument again on summary judgment with supporting materials showing that Thompson was entitled to workers' compensation benefits after the accident. Canal's motion for default judgment is **DENIED**, insofar as it seeks a declaration that the Employee Indemnification and Employer's Liability exclusion applies to the Commercial Automobile coverage.

## IV. Conclusion

For the above reasons, plaintiff's motion for default judgment (ECF No. 51) is **GRANTED** in part and **DENIED** in part. The Clerk is directed to send a copy of this Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 19th day of July, 2024.

ENTER: *David A. Faber*
David A. Faber
Senior United States District Judge