```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

CANAL INSURANCE COMPANY,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:21-cv-00324

5M TRANSPORT, LLC, and
WILLIAM J. THOMPSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for summary judgment. (ECF No. 62). For the reasons explained below, the motion is **GRANTED**.

This case arises from a trucking accident involving defendant William J. Thompson during his employment with defendant 5M Transport, LLC ("5M"). (See ECF No. 40). Plaintiff Canal Insurance Company ("Canal") provided insurance coverage to 5M under three policies. (See id. at ¶ 7). Thompson sued 5M in the Circuit Court of McDowell County, West Virginia, for alleged injuries resulting from the accident. (See id. at ¶ 14). Canal brings this action seeking a declaration that it owes no duty to defend or indemnify 5M in that lawsuit.

Neither defendant responded to Canal's amended complaint for declaratory relief. Therefore, the court granted default

judgement for Canal, finding that it owes no duty to defend or indemnify 5M under two of the three insurance policies. (See ECF No. 57). However, the court denied default judgment as to the third policy, which provides commercial automobile coverage.

The commercial automobile coverage requires Canal to defend and indemnify 5M against bodily injury caused by an accident resulting from ownership or maintenance of 5M's covered vehicles. (See ECF No. 40-1, Ex. A at 35). In its amended complaint and motion for default judgment, Canal relied on two exclusions to this coverage, which each apply only if Thompson was entitled to workers compensation benefits after the accident.

However, Canal did not allege that Thompson received workers' compensation benefits. Canal alleged only that "[u]pon information and belief, Thompson filed or attempted to file a claim for workers' compensation benefits, but 5M's workers' compensation coverage had been cancelled for non-payment." (ECF No. 40 at ¶ 13). Canal also did not address the workers' compensation issue in its motion for default judgment. (See ECF Nos. 51-52). The court declined to enter default judgment as to these exclusions but allowed Canal to raise the argument in a motion for summary judgment explaining Thompson's eligibility for workers' compensation benefits.

Canal contends in its motion for summary judgement that Thompson received workers' compensation benefits under the West Virginia Workers' Compensation Uninsured Fund, W. Va. Code § 23-2C-8. (See ECF No. 63 at 11). In support of this, Canal directs the court to Thompson's complaint in the underlying lawsuit, in which he alleges that the "third-party administrator for the West Virginia Workers' Compensation Uninsured Employers Fund, by letter, determined and found that [Thompson's] occupational injury and resulting workers' compensation claim to be fully compensable and approved." (ECF No. 40-2 at ¶ 24).

Defendants did not respond to Canal's motion for summary judgment. Therefore, the court will accept Thompson's allegation as an admission that he received workers compensation benefits. Accordingly, coverage under the commercial automobile policy is excluded. Canal's motion for summary judgment (ECF No. 62) is **GRANTED.**

The Clerk is directed to send a copy of this Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 30th day of September, 2024.

> ENTER:
>
> *David A. Faber*
> David A. Faber
> Senior United States District Judge